## TYLER TERM, 1905.

### Andrew Castle v. The State.

No. 3234. Decided November 15, 1905.

**Assault to Rape—Sufficiency of Evidence—Excessive Punishment.**

See opinion for facts which are held to be sufficient to sustain the judgment of conviction for an assault with intent to commit rape, and to disclose a specific purpose on the part of defendant to have intercourse with prosecutrix at all hazards, and where the punishment is not held to be excessive.

Appeal from the District Court of Cherokee. Tried below before Hon. James I. Perkins.

Appeal from a conviction of assault with intent to rape; penalty, sixty-five years imprisonment in the penitentiary.

The opinion states the case.

*Guinn, Morman & Guinn,* for appellant.—On question of intent and force: Poter v. State, 33 Texas Crim. Rep., 385; Steinke v. State, id., 65; Robertson v. State, 30 Texas Crim. App., 498; Mathews v. State, 34 Texas Crim. Rep., 479; Carroll v. State, 24 Texas Crim. App., 366; Mitchell v. State, 33 Texas Crim. Rep., 575; Power v. State, 30 Texas Crim. App., 662; Walton v. State, 29 id., 163; Brown v. State, 27 id., 330; Burney v. State, 21 id., 565; MaGee v. State, id., 670; Dockery v. State, 35 Texas Crim. Rep., 487; Diner v. State, 9 Texas Ct. Rep., 99; Carter v. State, 6 id., 263.

*Howard Martin,* Assistant Attorney-General, for the State.—On question of excessive punishment: Handy v. State, 10 Texas Ct. Rep., 396.

HENDERSON, Judge.—Appellant was convicted of an assault with intent to commit rape, and his punishment fixed at sixty-five years confinement in the penitentiary.

There is no bill of exceptions in the record, save such as occurs in motion for new trial. There is nothing in said motion raising any serious question as to the charge of the court. The only matter that is presented with any urgency for reversal is, the insufficiency of the evidence to support the verdict of the jury. We have examined the record carefully in this respect, and the State's witness, Miss Edna Goodwin, testifies to facts which amply sustain the verdict. She narrates the circumstances attending the assault on her; tells how she

Vol. 49 Crim.—1.

went down in the woods, some two or three hundred yards from her house, to get some brush with which to make a broom; that appellant, whom she thoroughly identifies, sprang out from behind a tree and seized her around the waist, attempted to raise her dress, and remarked as he caught hold of her, "I have got you." After catching hold of her, he ran his hands up under the arms of witness, and as he did so she turned, as the best she could, facing him, and went to fighting to get loose from him. She narrates how appellant attempted to raise her dress, getting it up as high as her shoe-tops, and then trying to throw her down, saying as he did so, "I will have you coming my way pretty soon." At this juncture she caught defendant by the arm, above the elbow, with her teeth and bit him. As she did this, appellant struck her on forehead with his fist, and she broke loose from him, and ran as fast as she could toward the house, halloaing and running. Her mother came meeting her. Tracks were found where she related the transaction occurred. These tracks were identified as those of appellant. Her identification of appellant was absolute. True appellant proved by a number of witnesses a very strong alibi; but the jury did not believe appellant's witnesses, and gave credence to the testimony on the part of the State. One question presented is, do the facts show that appellant put forth sufficient force and purpose to manifest his intent. From the narration of the prosecutrix he evidently used all the force in his power. She managed, by using her utmost resistance, to break loose from him, and run; and although he pursued her, she made good her escape. This, it occurs to us, manifests the force required in order to constitute an assault with intent to rape.

It is also said that the specific purpose to have carnal intercourse with prosecutrix was not established. We take it, that the acts of appellant, in connection with what he said to prosecutrix at the time, indicated his purpose. As stated before, her identification of appellant was complete. Not only does she identify him by her own testimony, but she also testified that she bit him on the arm, and what appeared to be a scar, indicating a bite, was found on appellant's arm. Of course, he attempted to account for this in another way; but the jury did not credit his testimony on this subject.

While the punishment, sixty-five years in the penitentiary, would appear to be severe, we cannot say that it was excessive. The jury being satisfied of his guilt were fully authorized to administer the punishment on him.

There being no error in the record, the judgment is affirmed.

*Affirmed.*